**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cv-0420-WJM-KMT

TERRELL FREDERICK, on behalf of LF, his minor child,
TERRELL FREDERICK, individually,

    Plaintiffs,
v.

PANDA NO. 1, LLC,

    Defendant.

---

## ORDER TO SHOW CAUSE

---

    This matter involves a claim under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, made by Plaintiff Terrell Frederick, individually and on behalf of his minor child LF, against Defendant Panda No. 1, LLC. On April 9, 2018, United States Magistrate Judge Kathleen M. Tafoya issued a Certification of Contempt of Court and Recommendation ("Recommendation") (ECF No. 88) certifying facts and recommending that the Court grant Defendant's Motion for Order to Show Cause: Contempt Against Litigation Management & Financial Services, LLC ("Motion") (ECF No. 85); hold in contempt Plaintiff, Plaintiff's counsel Jeff Michael Emberton, and Litigation Management & Financial Services, LLC ("LitMan"); and impose sanctions on Plaintiff, Emberton, and LitMan. (ECF No. 88 at 17.)

    Magistrate judges have limited authority to hold a party in contempt of court, and do not have plenary power to issue civil contempt orders in non-consent cases. 28 U.S.C. § 636(e); *Big O Tires, LLC v. D & T Auto Sales & Serv., Inc.*, 2010 WL 1568571,

at *2 (D. Colo. Jan. 8, 2010). To hold a party in civil contempt in a non-consent case, the magistrate judge and district court judge must follow the procedure set for in 28 U.S.C. § 636(e)(6)(B). When an act constitutes civil contempt, a magistrate judge "shall forthwith certify the facts to a district judge" and may serve an order to show cause as to why the person should not be held in contempt on the facts certified. 28 U.S.C. § 636(e)(6)(B). *See, e.g.*, *Rossi Ventures, Inc. v. Pasquini*, 2012 WL 5949755, at *1 (D. Colo. Oct. 4, 2012), *adopted*, 2012 WL 5949770 (D. Colo. Nov. 28, 2012).

Upon certification of facts by a magistrate judge, the district court "shall thereupon hear evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for contempt committed before a district judge." 28 U.S.C. § 636(e)(6)(B). However, if no material facts are disputed, the Court may issue an order to show cause in writing in lieu of an evidentiary hearing. *Lincoln Nat'l Life Ins. Co. v. Marchiol*, 2013 WL 673990, at *2 (D. Colo. Feb. 22, 2013).

Judge Tafoya has certified facts supporting a finding of contempt pursuant to 28 U.S.C. § 636(e)(6). Defendant requests a show cause hearing. (ECF No. 85 at 3.) Plaintiff did not respond to Defendant's Motion or file an objection to the Recommendation. "[A]t this juncture, none of the relevant facts are in dispute and so the Court declines to hold a hearing." *Lincoln*, 2013 WL 673990, at *2. The Court will instead take written submissions as to whether the undersigned should hold Plaintiff, Emberton, and LitMan in contempt of court and impose the sanctions recommended by Judge Tafoya.

2

Accordingly, the Court ORDERS Plaintiff to show cause by written submission no later than **August 17, 2018** as to why Plaintiff should not be adjudged in contempt. In particular, Plaintiff should address any evidence that Plaintiff would introduce at a hearing to refute the factual findings set forth by Judge Tafoya in her certification of facts. (*See* ECF No. 88 at 2–10.) If Plaintiff does not respond to this Order to Show Cause, the Court will adopt the Magistrate Judge's Recommendation in whole.

Dated this 10th day of August, 2018.

BY THE COURT:

_____
William J. Martínez
United States District Judge