**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cv-0420-WJM-KMT

TERRELL FREDERICK, on behalf of LF, his minor child,
TERRELL FREDERICK, individually,

      Plaintiffs,

v.

PANDA NO. 1, LLC,

      Defendant.

---

**ORDER ADOPTING IN PART THE APRIL 9, 2018 CERTIFICATION AND
RECOMMENDATION OF MAGISTRATE JUDGE**

---

Plaintiff Terrell Frederick, individually and on behalf of his minor child LF

("Plaintiff"), sued Defendant Panda No. 1, LLC ("Defendant"), for violating the

Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*. This matter is

before the Court on the November 16, 2017 Order to Show Cause (ECF No. 70),

Defendant's "Motion for Order to Show Cause: Contempt Against Litigation

Management & Financial Services, LLC" ("Defendant's Motion") (ECF No. 85), and the

April 9, 2018 Certification on Contempt of Court and Recommendation by United States

Magistrate Judge Kathleen M. Tafoya ("Recommendation") (ECF No. 88). For the

reasons set forth below, the Court adopts in part Judge Tafoya's recommendation,

imposes modified sanctions, and dismisses Plaintiff's claims with prejudice.

## I. BACKGROUND & PROCEDURAL HISTORY

This summary is drawn from the Recommendation, the parties' filings in this

case, and Plaintiff's response to the Court's Order to Show Cause (ECF No. 92).

Plaintiff Terrell Frederick filed this lawsuit, and forty-two other separate but nearly identical lawsuits, against forty-three Colorado Springs restaurants and retail establishments alleging violations of the ADA.  (ECF No. 88 at 2.)  Plaintiff made nearly identical allegations against the establishments, changing only the date of visit and the alleged barriers at each location.  (*Id.*)  Plaintiff's daughter has dystonic cerebral palsy, has mobility issues, and uses a service dog.  (ECF No. 82-1 at 4.)

Defendant maintains that it did not violate the ADA and there are no barriers to access.  Defendant further contends that these lawsuits were brought to generate settlements and corresponding attorneys' fees that would benefit Litigation Management and Financial Services, LLC ("LitMan").[1]  (ECF No. 88 at 2.)  To support its theory, Defendant sought written discovery and deposition testimony from both Plaintiff and a representative of LitMan about LitMan's role in the litigation.  (*Id.*; ECF Nos. 38-1; 85-2.)  When Plaintiff failed to timely respond to Defendant's discovery requests, Defendant filed its first Motion to Compel on August 23, 2017.  (ECF No. 38.)  Judge Tafoya noted that Plaintiff's counsel had "refused all efforts at conferral."  (ECF No. 88 at 8.)  Plaintiff's counsel disputes this characterization, stating that he was willing to engage in communication with Defendant, but "[d]efense counsel may not have liked the responses that he was receiving during these conferrals."  (ECF No. 92 at 7.)  Conferral requires more than a mere willingness to communicate; it requires that the parties "compare views, consult together." *See Heinrich v. Master Craft*, 2014 WL

---

[1] Plaintiff and his counsel contend that they did not file the lawsuits to abuse the legal system, that Plaintiff was motivated by his desire to spread awareness of disabilities and better his community, and that his counsel was motivated by a "sincere desire to assist individuals with disabilities in their demand for equal access."  (ECF No. 92 at 2–3.)

2179353, at *1 (D. Colo. May 24, 2014). Plaintiff has not put forward evidence to dispute Judge Tafoya's conclusion that Plaintiff's counsel refused to confer with Defendant regarding discovery responses.

Plaintiff responded to the Motion to Compel with a single paragraph stating that Plaintiff had (belatedly) "produced his responses to Defendant's discovery requests" as of August 30, 2017. (ECF No. 42.) Judge Tafoya characterized Plaintiff's response as a "direct lie" because no discovery had been produced at that time. (ECF No. 88 at 3.) Again, Plaintiff's counsel resists this characterization. (ECF No. 92 at 8.) He goes on to explain that his belated responses were justified because Defendant took similar liberties with responding to discovery requests. He also perplexingly states that he was "accused of lying to the court for explaining to the court the exact reasons why I was withholding the information," suggesting that he had, indeed, provided no or limited information to the Defendant. (*Id.*) Whatever the merits of Plaintiff's counsel's assertions, two wrongs do not make a right. A review of the record shows that Plaintiff had not produced any documents in response to Defendant's request as of August 30, 2017. However, Plaintiff did not claim to have produced discovery as of that date, but rather "produced his responses" as of that date. (ECF No. 42.) This is technically correct because Plaintiff did respond to Defendant's interrogatories and request for production that day.

On October 3, 2017, Judge Tafoya held a hearing on outstanding discovery issues. (ECF No. 54 [Minutes]; ECF No. 67 [Transcript].) Plaintiff had objected to and refused to answer even basic questions about the case. (ECF No. 88 at 3.) Because Defendant's requests and interrogatories were straightforward and Plaintiff's objections

3

unsustainable, Judge Tafoya then ordered Plaintiff to provide supplemental responses

on or before October 13, 2017.  (ECF No. 88 at 4.)  Judge Tafoya also awarded

Defendant attorneys' fees and costs incurred for bringing the Motion to Compel.  (*Id.*)

On October 13, 2017, Plaintiff filed notice claiming that he had complied with

Judge Tafoya's order to serve amended responses (ECF No. 57).  On October 17,

2017, Defendant filed a response noting that Plaintiff's responses were still plagued by

deficiencies.  (ECF No. 59 at 1–2.)  Judge Tafoya reviewed Plaintiff's responses,

agreed that they remained deficient, and set another hearing for October 30, 2017.

(ECF No. 66 [Minutes]; ECF No. 68 [Transcript].)

At the October 30, 2017 hearing, Judge Tafoya warned Plaintiff's counsel that

the responses were still deficient.  Plaintiff's counsel once again raised Defendant's

failure to comply with discovery as a reason for Plaintiff's recalcitrance on discovery.

(ECF No. 68 at 20.)  Judge Tafoya gave Plaintiff a deadline of November 13, 2017 by

which to provide "full and complete responses to Defendant's discovery requests,

together with unredacted documents."  (ECF No. 66 at 2.)

On November 14, 2017, Defendant filed a notice that the Plaintiff did not provide

additional discovery or a privilege log by November 13, 2017.  (ECF No. 69.)  Judge

Tafoya issued an Order to Show Cause on November 16, 2017 (ECF No. 70), to which

Plaintiff responded on November 30 (ECF No. 71).  Plaintiff attached unredacted copies

of documents to his response to comply with Judge Tafoya's order including (1) the fee

agreement between Plaintiff and his counsel; (2) a litigation funding agreement

between Plaintiff and LitMan; and (3) a litigation management agreement between

Plaintiff's counsel and LitMan.  (*Id.*; ECF No. 71-3.)  He also explained that he did not

4

timely comply with Judge Tafoya's order because his computer crashed. (ECF No. 71 at 2—3.) As Judge Tafoya noted, the documents produced were in the possession of LitMan and its employees, so Plaintiff's counsel's computer failure would not have necessarily impacted Plaintiff's ability to timely produce documents. (ECF No. 88 at 5.) Plaintiff's counsel admits that LitMan had the records in its possession, but explains that his attempts to contact LitMan for such information went unanswered. (ECF No. 92 at 9.) Plaintiff also continued to raise Defendant's supposed failure to comply with discovery requirements. (ECF No. 71 at 3.) Plaintiff did not supplement responses to the interrogatories; produce communications between and among Plaintiff, Plaintiff's counsel, and LitMan; or produce a privilege log concerning any communications.

On November 30, 2017, Plaintiff also filed a Motion to Dismiss Without Prejudice (ECF No. 72), which Defendant opposed (ECF No. 80).

In early December 2017, Plaintiff sought the Court's assistance in delaying his deposition. (ECF No. 74.) Judge Tafoya found that Plaintiff had set forth no legally cognizable grounds for a stay and that Defendant stated a need, particularly in light of Plaintiff's continued failure to meet his discovery obligations. (ECF No. 77.)

Plaintiff's deposition revealed information about how the case had been prepared and litigated, and the division of work among Plaintiff, Plaintiff's counsel, and LitMan. Plaintiff's former co-worker Emily Branch asked Plaintiff if he would be interested in getting involved in ADA cases because of his daughter's disability. (ECF No. 82-1 at 5.) Plaintiff would be paid $50 initially, and $50 after an additional period of time per case. (*Id.* at 5.) Plaintiff agreed and LitMan provided him with a copy of the

ADA rules, a measuring instrument, forms to fill out for each establishment, and an iPad with electronic forms. (*Id.* at 10–13.)

Plaintiff had correspondence with LitMan concerning his contract with LitMan, the violations at establishments, and the payments, but had never been asked to collect or produce the documents. (*Id.* at 7, 35.) Indeed, Plaintiff testified that the first time he had seen Defendant's First Set of Discovery Requests (dated June 30, 2017) was a week before his deposition (on December 8, 2017) when Emily at LitMan emailed him. Similarly, he had not seen Plaintiff's responses to those requests, or signed those responses. (*Id.* at 34.) Plaintiff also had not previously seen the November 13, 2017 Order to Show Cause. (*Id.* at 8.) He was also unaware of any settlement proposals or settlements in connection with the 43 cases filed. (*Id.* at 15, 17–18, 26.)

LitMan put Plaintiff in touch with Plaintiff's counsel. (*Id.* at 18.) Plaintiff also explained that LitMan was responsible for paying Plaintiff's counsel, and that Plaintiff had no obligation to pay his counsel. (*Id.* at 10.) Plaintiff was not informed that he could be responsible for Defendant's fees or costs, or that Judge Tafoya had ordered attorneys' fees to be paid by Plaintiff and Plaintiff's counsel. (*Id.* at 33.) The prior award of sanctions to Defendant was apparently paid from Plaintiff's counsel's trust or operating account. (*Id.*)

Both Plaintiff and Plaintiff's counsel eventually realized LitMan's interest diverged from Plaintiff's interest. (ECF No. 92 at 7, 10.) Plaintiff and his counsel "believe that they were intentionally deceived by Lit[M]an, which became exceedingly obvious . . . after the deposition of Mr. Frederick." (*Id.* at 10.)

On December 18, 2017, Defendant served LitMan with a subpoena pursuant to Rule 45 and a Rule 30(b)(6) deposition notice for January 2, 2018 at 9:00 a.m. (ECF No. 85-2; ECF No. 85-3.) LitMan failed to appear and testify on January 2, and failed to produce any documents pursuant to the subpoena or otherwise respond. (ECF No. 85-4.) LitMan did not move to quash or modify the subpoena or otherwise file any document to protest the deposition or document requests. LitMan failed to set forth any legal basis to quash the subpoena, and thus under Rule 45 was required to comply with it. Defendant thereafter sought to hold LitMan in contempt of court by filing a motion for an order to show cause as to why LitMan should not be held in contempt. (ECF No. 85.) The undersigned referred the motion to Judge Tafoya for a recommendation.

Judge Tafoya recommended holding Plaintiff, Plaintiff's counsel, and LitMan in contempt of court for failure to comply with her prior orders. She also recommended imposing sanctions on Plaintiff, Plaintiff's counsel, and LitMan. Judge Tafoya also certified facts supporting a finding of contempt pursuant to 28 U.S.C. § 636(e)(6). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Specifically, Judge Tafoya found that LitMan was "obviously controlling the litigation nominally brought by [Plaintiff]" and was in the best position to provide the discovery requested. (ECF No. 88 at 11.) Judge Tafoya recommended the following sanctions:

1.      Hold Plaintiff, Plaintiff's counsel, and LitMan in contempt for their "clear defiance" of the October 3, 2017 and October 30, 2017 orders directing Plaintiff to respond to discovery requests;

2.      Impose a coercive fine and compensatory monetary award of all fees and costs incurred by Defendant not already awarded;

3.      Ban the filing of any and all cases associated with LitMan without prior approval of the Court;

4.      Refer Plaintiff's counsel to the Court's Committee on Conduct; and

5.      Dismiss the action with prejudice.

(*Id.* at 13–17.)

The Recommendation advised the parties that specific written objections were due within fourteen days after being served a copy of the Recommendation. (ECF No. 88 at 17–18.) Despite this advisement, no objections to the Recommendation have been received to date. In accordance with ECF No. 89, on May 29, 2018, Defendant submitted a bill of fees and costs incurred in this action that the Court had not previously awarded. (ECF No. 90.) Plaintiff did not file a response or objection to Defendant's proposed bill of costs.

The Court reviewed the Recommendation and determined that it was appropriate to issue a written Order to Show Cause to both Plaintiff and LitMan in lieu of an evidentiary hearing. (ECF Nos. 91, 93.) The Court directed Plaintiff and Litman to address any evidence that they would introduce at a hearing to refute the factual findings set forth by Judge Tafoya in her certification of facts. LitMan failed to respond, and Plaintiff advised the Court that LitMan was unlikely to respond. (ECF No. 94 at 2.)

Plaintiff responded to the Order to Show Cause on August 17, 2018. (ECF No. 92.) Plaintiff's response addresses some of the facts in Judge Tafoya's recommendation, and incorporated above where appropriate. It also contained a *mea*

8

*culpa* from Plaintiff's counsel admitting to mistakes in litigating this case, but expressing a dedication to helping the disabled and a desire to gain experience in federal court. (*Id.* at 14.) Plaintiff's counsel states that neither he nor Plaintiff has any intention of filing any further disability discrimination lawsuits before this Court. (*Id.*) The response further explains the personal ramifications for Plaintiff as a result of the negative media coverage, including leaving his job, resigning from the board of a local non-profit, having difficulty finding new employment, and having to borrow money from his church, family, and friends to meet basic living expenses. (*Id.* at 14–15.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 636(e)(6), a district judge reviewing a magistrate judge's certification of facts must conduct an independent review to determine whether the facts certified constitute contempt and, if so, what sanctions are appropriate. *Kellar v. U.S. Dep't of Veteran's Affairs*, 2009 WL 1364878, at *2 (D. Colo. May 12, 2009).

In a motion for civil contempt, the moving party has the "burden of proving, by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008).

## III. ANALYSIS

### A.  Contempt

The Court agrees with the Recommendation to hold Plaintiff, Plaintiff's counsel, and LitMan in contempt. Plaintiff manifestly failed to comply with Judge Tafoya's orders to produce documents. Regardless of potential litigation strategy and insistence that

9

Defendant similarly failed to comply, Plaintiff was plainly subject to a court order to produce certain documents. (ECF Nos. 54; 66; 71.) These documents were not produced. Plaintiff's deposition revealed that other communications subject to production were also not produced. (ECF No. 82-1 at 7, 35.) Plaintiff (through his counsel) had knowledge of Judge Tafoya's order. Plaintiff's counsel attended the hearings at which Judge Tafoya issued oral orders, and should have received written notice of the corresponding Minute Orders through CM/ECF. (ECF Nos. 54; 66.) Plaintiff's discovery responses produced to comply with those orders plainly did not comply. They were late and incomplete. The Court therefore holds Plaintiff and his counsel in contempt for violating the October 3, 2017 and October 31, 2017 orders.

The Court also holds LitMan in contempt for different reasons stated in the Recommendation. Though it seems clear that LitMan was controlling the litigation, LitMan is not a party to the litigation and was not subject to the October 3, 2017 or October 30, 2017 orders. Therefore, it is a stretch to hold LitMan accountable as having knowledge of an order in a case to which it is not a party. However, LitMan did ignore other Court orders. Namely, LitMan failed to appear for a deposition or respond to a subpoena. (ECF No. 85.) These were duly issued, and LitMan did not make any attempt to modify or quash the subpoena. Further, the Court issued an order to show cause as to why LitMan should not be held in contempt for violating the subpoena. (ECF No. 92.) Plaintiff's counsel submitted a notice of service on LitMan. (ECF No. 94.) LitMan cavalierly ignored the Court's Order and wholly failed to respond. Thus, there was a valid order of which LitMan had knowledge, and disobeyed. *See Ford*, 514 F.3d at 1051. The Court therefore holds LitMan in contempt for violating the subpoena,

failing to appear at the 30(b)(6) deposition, and failing to produce documents.

**B.      Sanctions**

        1.        <u>Monetary Penalty</u>

"A district court has broad discretion in using its contempt powers to require adherence to court orders." *Cook v. Rockwell Int'l Corp.*, 907 F. Supp. 1460, 1463 (D. Colo. 1995). Contempt sanctions "may only be employed for either or both of two distinct remedial purposes: (1) to compel or coerce obedience to a court order; and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992) (internal quotation marks omitted; alterations incorporated).

To levy a coercive sanction, "the court must consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired. . . . [C]oercive civil sanctions may only continue until terminated by compliance." *Id*. This language plainly assumes that contempt is ongoing. A compensatory fine must be based on complainant's actual losses. *Id*. It is well established that " complainant may recover attorneys' fees and expenses incurred in prosecuting a contempt." *Premium Nutritional Prod., Inc. v. Ducote*, 571 F. Supp. 2d 1216, 1220 (D. Kan. 2008); *see also In re Aramark Sports & Entm't Servs., LLC*, 725 F. Supp. 2d 1309, 1318 (D. Utah 2010) (awarding fees); *Bad Ass Coffee Co. of Hawaii v. Bad Ass Coffee Ltd. P'ship*, 95 F. Supp. 2d 1252, 1257 (D. Utah 2000) (awarding fees as well as costs associated with gathering evidence of contempt).

Plaintiff does not intend to further litigate this case, so a coercive civil sanction to compel Plaintiff or LitMan to comply with discovery requirements is futile. (*See* ECF No. 72 (seeking to dismiss claims against Defendant).) The Court is therefore left solely with the possibility of compensatory sanctions.

As to Plaintiff and Plaintiff's counsel, a compensatory fine is appropriate for the failure to adequately respond to Defendant's requests for discovery and the orders to produce said discovery. Though Plaintiff may have had a litigation strategy that involved playing hardball in response to Defendant's allegedly delayed productions, only Plaintiff was under a Court order to produce documents. And his failure to do so timely and adequately resulted in numerous hearings before Judge Tafoya and a finding of contempt. The Court is mindful of the revelations at Plaintiff's deposition that Plaintiff was unaware of the discovery requests and perhaps even Judge Tafoya's orders. (ECF No. 82-1 at 8, 34.) However, filing federal litigation is a serious matter, and Plaintiff had a responsibility to communicate with his counsel about the status of the litigation.

The Court has reviewed Defendant's billing records and finds that Defendant's incurred approximately $5,300 in reviewing Plaintiff's deficient discovery responses, preparing notices for the Court regarding the inadequate discovery, and preparing for and attending hearings before Judge Tafoya regarding the same. (ECF No. 90-2 at 5–7.) The Court therefore imposes a joint and several $5,300 compensatory fine on Plaintiff and Plaintiff's counsel to be paid to Defendant for failure to comply with the Court's orders on discovery.

As to LitMan, a compensatory fine for LitMan's failure to respond on any level to

the subpoena or deposition request is appropriate.  Defendant incurred costs in drafting

the documents, preparing the deposition, and filing a motion to compel.  The Court has

reviewed Defendant's counsel's billing records and finds that Defendant's incurred

$3,300 in reasonable attorney's fees and costs.  (ECF No. 90-2 at 7–10.)  The Court

therefore imposes a $3,300 a compensatory fine on LitMan to be paid to Defendant for

LitMan's total failure to respond to discovery requests.

> 2.      Filing Ban on LitMan

Judge Tafoya also recommended banning filing of any and all cases associated

with LitMan absent prior approval of this court.  Federal courts have inherent power

under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by imposing

restrictions under the appropriate circumstances.  *Tripati v. Beaman*, 878 F.3d 351, 352

(10th Cir. 1989).  "[I]njunctions are proper where the litigant's abusive and lengthy

history is properly set forth."  *Id.* at 353 (citing cases).  "There is strong precedent

establishing the inherent power of federal courts to regulate the activities of abusive

litigants by imposing carefully tailored restrictions under the appropriate circumstances."

*Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986).

Here, LitMan is not a party before the court, nor has LitMan itself filed *any* cases

in the District of Colorado.  Therefore, there is no record of LitMan itself abusing the

Court's processes, though it appears LitMan seeks unwitting plaintiffs to do so on their

behalf. The Court is also aware of the practical difficulties should it concur with the

Recommendation given the requirement that the Court craft "carefully tailored

restrictions."  *Cotner*, 795 F.2d at 902.  The Court would be forced to police whether a

particular plaintiff or plaintiff's counsel had a contract with LitMan or a related entity in

all ADA litigation filed in this district. Such a restriction would pose an impractical burden on the Court. Therefore, the Court declines to impose such a restriction on the current record.

### 3. Referral of Plaintiff's Counsel to the Committee on Conduct

Judge Tafoya has much greater knowledge and understanding of Plaintiff's counsel's conduct during the pendency of the litigation. The Court therefore finds it appropriate that Judge Tafoya should be the judicial officer who in the first instance files a complaint concerning Plaintiff's counsel's conduct in this litigation to this Court's Committee on Conduct pursuant to D.C.COLO.LAttyR 7(a).

### 4. Dismissal with Prejudice

The court has "discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). This includes failure to comply with a discovery order. *Orbit Irr. Prod. v. Sunhills Int'l*, 2014 WL 1329526, at *6 (D. Utah Apr. 2, 2014) (reviewing available sanctions under Fed. R. Civ. P. 37(b) for failure to comply with a discovery order). A sanction may include dismissing a case with prejudice or entering judgment against a party. *Reed*, 312 F.3d at 1195; *see* Fed. R. Civ. P. 37(b)(2)(A). Dismissal is a severe sanction "reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice." *Reed*, 312 F.3d at 1195 (citation omitted). When considering dismissal as a sanction, a court considers the degree of prejudice to the movant, amount of interference with the judicial process, culpability of the litigant, whether the court warned of dismissal as a likely sanction, and

14

the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.3d 916 (10th Cir. 1992). These factors are not a rigid test, but criteria for the district court to consider. *Id.*

Each of the *Ehrenhaus* factors here weighs in favor of dismissal with prejudice. Defendant was repeatedly prejudiced by its inability to obtain discovery relevant to its theory of the case. Defendant believed that the litigation was meritless and a scheme controlled by a non-party seeking a quick settlement. (ECF No. 88 at 2.) Plaintiff's eventual deposition seemed to support Defendant's theory, and showed that additional documents had not been collected from Plaintiff much less produced. (ECF No. 82-1 at 7, 10, 18, 35.) Defendant had to expend time and money filing motions to compel and notify the Court of Plaintiff's continued failures to produce discovery.

The Court finds that Plaintiff interfered with the judicial process by failing to comply with multiple court orders to produce documents and interrogatory responses. Plaintiff's recalcitrance interfered with normal progress of this litigation and prevent Defendant from developing their theory of the case. Plaintiff's incomplete and untimely responses sparked additional notices, hearings, and orders, further delaying resolution of the merits of the claim. Plaintiff (through his counsel) is responsible for the delays in this case. Plaintiff and his counsel could have contacted Defendant when they realized LitMan's interest in the litigation diverged from their own. Instead, they chose to continue this lawsuit, at the expense of Defendant and this Court's resources.

Plaintiff has had ample warning of the potential for this litigation to be dismissed. The Recommendation, to which Plaintiff did not object, first suggested dismissal with prejudice as a sanction in April 2018. (ECF No. 88 at 14–17.) The undersigned then issued an order to show cause as to why Plaintiff should not be adjudged in contempt.

(ECF No. 92.)  Dismissal has not been far from Plaintiff's mind; indeed, he filed a motion to dismiss, albeit without prejudice, indicating that he no longer wished to pursue the litigation.  (ECF No. 72.)

For the foregoing reasons, the Court finds that a sanction of dismissal with prejudice is an appropriate sanction for Plaintiff's violations of the Judge Tafoya's orders in this case.  Because the Court dismisses with prejudice, Plaintiff's motion to dismiss without prejudice (ECF No. 72) is denied as moot.

## IV. CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

1.  The Magistrate Judge's Certification of Facts pursuant to 28 U.S.C. § 636(e)(6) and Recommendation (ECF No. 88) is ADOPTED IN PART;

2.  Defendant's Motion for Order to Show Cause: Contempt Against Litigation Management & Financial Services, LLC (ECF No. 85) is GRANTED IN PART;

3.  Plaintiff and Plaintiff's counsel Jeffery Emberton are ORDERED to pay Defendant $5,300 for reasonable attorneys' fees and costs  incurred by Defendant in defending this matter.  Plaintiff and Plaintiff's counsel shall be jointly and severally liable for the payment of this monetary sanction;

4.  Litigation Management & Financial Services, LLC, is ORDERED to pay Defendant $3,300 for reasonable attorney's fees and costs incurred in connection with Defendant's attempted discovery;

5.  Judge Tafoya, in her discretion, may file a complaint against Plaintiff's counsel Jeffery Emberton with the Court's  Committee on Conduct;

6.  Plaintiff's counsel SHALL SERVE a copy of this order on Plaintiff, as the Court presumes is his standard practice, as well as on LitMan, and by no later than October 3, 2018 he shall file with the Court a certificate of service evidencing same;

7.  Plaintiffs' claims are DISMISSED WITH PREJUDICE as a sanction of Plaintiff's violations of the Court's orders;

8.  Plaintiffs' Motion to Dismiss Without Prejudice (ECF No. 72) is DENIED AS MOOT; and

9.  The Clerk SHALL ENTER judgment in favor of Defendant and against Plaintiff, and SHALL TERMINATE this case.  Except as set forth above, the parties shall bear their own attorney's fees and costs.

Dated this 26th day of September, 2018.

BY THE COURT:

_____

William J. Martínez
United States District Judge